IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,        No   CR-00-0398 VRW

    Plaintiff,                    ORDER

    v

ATHELUALDO LOPEZ ORTEGA,

    Defendant.
_____/

       Defendant Althelualdo Lopez-Ortega has filed a motion "for determination of competence to proceed further" pursuant to 18 USC § 4241.  Doc #57.  For the reasons stated below, the court GRANTS defendant's motion.

       Defendant is charged with illegal entry by an alien in violation of 8 USC § 1326.  On February 21, 2001, defendant pled guilty to the charge.  Doc #27.  Yet during a presentence interview with defendant on May 4, 2001, defendant's prior counsel found defendant to be "disoriented and not capable of understanding [the] questions."  Fermino declaration ¶ 7-8.  Consequently, defendant's counsel requested a medical exam to determine defendant's mental competency, which the court granted on May 9, 2001.  Doc #31.

On June 1, 2001 and June 13, 2001, Dr Richard Pollack examined defendant. Doc #57 at 3-4. In his report, Dr Pollack noted that defendant experienced "lingering paranoia" and that defendant's reasoning was clinically impaired, but nevertheless concluded that defendant was competent to proceed. See Report of Richard I. Pollack Ph.D, 6/15/01 at 2. Dr Pollack

On May 1, 2002, defendant filed a motion to withdraw his guilty plea pursuant to FRCrP 32(e). Doc ##45-46. A status conference was held on May 28, 2002, in which the court suggested that defendant undergo another competency evaluation before the court proceeded on his motion to withdraw the guilty plea. Doc #49. Thereafter, defendant's counsel and the government agreed to have Dr Abraham Nievod examine defendant, which took place on July 25, 2002. Based on this examination, as well as past psychological reports, Dr Nievod concluded that defendant "did not understand the waiver of his rights * * * when he entered a plea of guilty," but, when properly medicated for his mental disorder, defendant would be "marginally competent to stand trial for the instant offense." Report of Abraham Nievod PhD, JD, 9/6/02 at 10.

On May 17, 2006, the court ordered defendant's counsel to explain the status of the case. Doc #52. In a May 23, 2006, letter, defendant's counsel informed the court that after Dr Nievod's report, the government agreed with the recommendation of defendant's counsel to "take no action to expedite a formal resolution of the matter." Cannon letter, 5/23/06. Defendant preferred "to stay in custody in the [b]ay area while being medicated, rather than have the charges against him dismissed[,] resulting in his transfer to immigration custody and ultimate

2

return to the Phillippines." Id. Yet at a July 25, 2006, hearing on the matter, the court decided that it could no longer delay in deciding on defendant's pending motion to withdraw his guilty plea and set oral argument for August 22, 2006. Doc #56.

On August 8, 2006, defendant filed his present motion for determination of competence to proceed further pursuant to 18 USC § 4241. Doc #57. Defendant requests that he "be committed to the custody of the attorney general so that a psychiatric report may be prepared focusing on the issues of whether the defendant is competent to proceed." Id at 1.

A defendant may file a motion for a hearing to determine his mental competency pursuant to 18 USC § 4241(a) "at any time after the commencement of a prosecution for an offense and prior to the sentencing." 18 USC § 4241(a). According to section 4241(a), "[t]he court shall grant the motion * * * if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Id, § 4241(b). Moreover, prior to such a hearing, the court may order a psychiatric or psychological examination of the defendant. Id, § 4241(b).

Based on defendant's motion, the declaration of David Fermino and the psychiatric evaluations of Dr Kline, Dr Pollack and Dr Nievod, the court finds that defendant has established reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the

3

1 nature and consequences of the proceedings against him or to assist
2 properly in his defense.
3     Accordingly, the ORDERS that defendant be committed to
4 the custody of the attorney general pending a hearing to determine
5 defendant's mental competence.

7     IT IS SO ORDERED.

*/s/ Vaughn R Walker*

**VAUGHN R WALKER**
**United States District Chief Judge**